IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MONIQUE IVEY
as next friend of MARQUES EVANS,
a minor,

   Plaintiff,

     v.

DEKALB COUNTY, GEORGIA,
et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-341-TWT

OPINION AND ORDER

This is a civil rights action. It is before the Court on the Defendant DeKalb County's Motion to Dismiss [Doc. 7]. For the reasons set forth below, the Motion to Dismiss [Doc. 7] is GRANTED.

I. Background

The Amended Complaint alleges that Sergeant Anthony Robinson and Officer Blake Norwood were law enforcement officers of DeKalb County who engaged in a pattern of police misconduct. (Am. Compl. ¶¶ 4-5, 13, 15.) Robinson and Norwood would use excessive and unlawful force on persons that were not resisting arrest and otherwise posed no risk to the officers. (Am. Compl. ¶ 18.) This case arises out of an

incident involving Robinson, Norwood, the Plaintiff Monique Ivey, and her minor son Marques Evans. In November of 2011, Robinson and Norwood went to the residence of the Plaintiff. (Am. Compl. ¶¶ 8-9.) The visit pertained to a domestic incident which had occurred one week prior. (Am. Compl. ¶¶ 8-9.) Robinson took the Plaintiff outside of the residence while Norwood remained inside with Evans. (Am. Compl. ¶ 10.) Robinson and Norwood intentionally separated the two so that Norwood could "strike several blows about the body of Marques Evans." (Am. Compl. ¶¶ 11-12.) This occurred while Evans was in handcuffs. (Am. Compl. ¶ 16.) It is alleged that the incident with Evans, as well as similar incidents before and after, were possible because of a "consistently superficial and ineffective investigation on the part of the DeKalb County Internal Affairs Offices into allegations of officer misconduct." (Am. Compl. ¶ 22.) This conduct continued until Robinson and Norwood were finally arrested following discovery of the incidents. (Am. Compl. ¶¶ 14, 21).

The Plaintiff brought claims against Officer Norwood, Sergeant Robinson, and DeKalb County, Georgia. [Doc. 5]. The claims against DeKalb County were for: (1) negligent hiring, training, and supervision; (2) violation of equal protection rights under the Constitution of the State of Georgia; (3) violation of the Georgia RICO Act; and (4) violation of 42 U.S.C. § 1983. [Doc. 5]. DeKalb County has moved to dismiss

the negligent hiring and Georgia constitutional claims on the grounds that they are barred by sovereign immunity.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim

and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

### III. Discussion

"The sovereign immunity provided in the Georgia Constitution to the state or any of its departments or agencies also applies to Georgia's counties." Presnell v. Paulding County, Ga., 454 Fed. Appx. 763, 769 (11th Cir. 2011) (citing Gilbert v. Richardson, 264 Ga. 744, 747 (1994)). "This sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.'" Id. (citing GA. CONST. of 1983, Art. I, § 2, ¶ IX(e)). Thus, "[a] county is not liable to suit for *any* cause of action unless made so by statute." O.C.G.A. § 36-1-4 (emphasis added). Additionally, "[t]he party seeking to benefit from waiver of sovereign immunity has the burden of proof to establish waiver." Murray v. Georgia Dept. of Transp., 284 Ga. App. 263, 265 (2007).

Sovereign immunity bars the Plaintiff's claim for negligent hiring, training, and supervision against DeKalb County. The Plaintiff has not established or even referenced any waiver in her reply. The Court of Appeals of Georgia concluded that sovereign immunity precluded suit against a county for negligent supervision when the plaintiff failed to establish a waiver. See Thompson v. Chapel, 229 Ga. App. 537,

538 (1997) ("Nor did Thompson establish that the theory of sovereign immunity, which extends to counties as subdivisions of the State, did not bar his negligent supervision claim or any other state law tort claims."). The Plaintiff argues that the Court ought to deny the Motion to Dismiss so that discovery may commence. (Pl.'s Resp. to Def. DeKalb County's Mot. to Dismiss ¶ 4.) However, there is nothing discovery can unearth that would alter the Court's conclusion that sovereign immunity bars the Plaintiff's state law claims. The Plaintiff also argues that she added claims under 42 U.S.C. § 1983 and the Georgia RICO Act. (Pl.'s Resp. to Def. DeKalb County's Mot. to Dismiss ¶ 8.) In its Motion to Dismiss, DeKalb County does not seek dismissal of the claims under § 1983 and the Georgia RICO Act. However, the Court notes that its conclusion regarding sovereign immunity would necessarily encompass the Georgia RICO claim. See Thornton v. El-Amin, No. 1:10-cv-474-WSD, 2012 WL 529998, at *21 (N.D. Ga. Feb. 17, 2012).

Sovereign immunity also bars the Plaintiff's equal protection claim under the Georgia Constitution against DeKalb County. The Supreme Court of Georgia clarified the rule regarding sovereign immunity and constitutional claims for damages in State Board of Education v. Drury, 263 Ga. 429 (1993). In that case, the Georgia Supreme Court concluded that sovereign immunity did not preclude suits under the eminent domain provision of the Georgia Constitution because the provision expressly allowed

for the recovery of just and adequate compensation. See id. at 430 ("Since the recovery of just and adequate compensation for private property which is taken . . . is itself an express constitutional right, sovereign immunity is not a viable bar."). However, the court found that sovereign immunity does preclude recovery based on provisions of the Georgia Constitution that do not expressly provide for damages. See id. at 434. The court reasoned that because sovereign immunity has constitutional status in Georgia, the judiciary could not abrogate it by fashioning implied remedies for state constitutional violations. See id. ("[T]his court is [not] free to fashion a *Bivens* remedy under state law, whereby victims . . . have a right to recover damages against the state . . . despite the absence of any express authority . . . sovereign immunity has constitutional status in this state and that doctrine cannot be abrogated by the judiciary."). The equal protection clause of the Georgia Constitution provides no express remedy, thus the Plaintiff's claim is barred. See GA. CONST. of 1983, Art. I, § 1, ¶ II.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendant DeKalb County's Motion to Dismiss [Doc. 7].

SO ORDERED, this 16 day of September, 2013.


                        /s/Thomas W. Thrash
                        THOMAS W. THRASH, JR.
                        United States District Judge